STEPHANIE M. HINDS (CABN 154284)
United States Attorney

MICHELLE LO (NYRN 4325163)
Chief, Civil Division

DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6961
    FAX: (415) 436-6748
    Douglas.Johns@usdoj.gov

Attorneys for Defendant
U.S. AGENCY FOR INTERNATIONAL AID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, | No. 3:21-cv-08058-SK |
| Plaintiff, | **FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |
| v. | Date: October 17, 2022 |
| U.S. AGENCY FOR INTERNATIONAL AID, | Time: 1:30 p.m. |
| Defendant. | Location: Videoconference Only |
| | Honorable Sallie Kim |
| | United States Magistrate Judge |

Plaintiff US Right to Know and Defendant United States Agency for International Aid respectfully submit this Further Joint Case Management Statement. Plaintiff and Defendant (collectively, "the Parties") jointly request that the Court adopt the proposed schedule set forth below and vacate or continue the Case Management Conference scheduled on October 17, 2022 at 1:30 p.m. in the afternoon to January 16, 2023 at 1:30 p.m. in the afternoon.

**1. Jurisdiction and Service**

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction under 28 U.S.C. § 1331. All parties have been served. Defendant has appeared. There are no issues pertaining to personal jurisdiction, venue, or service.

**2. Facts**

This action arises out of a FOIA request made by Plaintiff to Defendant on December 18, 2020. Generally speaking, Plaintiff seeks records and documents concerning Defendant's "grants to EcoHealth Alliance, Inc., involving research in China on bat-associated pathogens."

Defendant conducted a search for those records and documents. Defendant discovered potentially responsive records and documents. Defendant agreed to produce those records and documents subject to any applicable legal exemptions and based on discussions between the Parties.

Defendant identified 6,209 pages that are potentially responsive to Plaintiff's FOIA request. *See* Dkt. No. 32 at 2. Since late March 2022, Defendant has been processing and producing records to Plaintiff. Defendant has produced approximately 2,073 records to Plaintiff. Based on the Parties' executed Stipulation Regarding Case Management and FOIA Record Production, Defendant will continue to process 500 pages of those records that are potentially responsive until it has processed all of the potentially responsive records. *See id.*

**3. Legal Issues**

At issue is whether Defendant must produce all records and documents that respond to Plaintiff's FOIA request not subject to any applicable exemption. The Parties are attempting to resolve Plaintiff's claims informally.

///

However, if the Parties cannot resolve Plaintiff's claims informally, the following issues may arise: (1) whether Defendant has responded adequately to Plaintiff's FOIA request; (2) whether Defendant improperly withheld materials based on claimed FOIA exemptions; and (3) whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs.

**4. Motions**

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment. If the Parties must file cross-motions for summary judgment, they will agree on a briefing schedule for those motions and submit it to the Court for consideration and approval.

**5. Amendment of Pleadings**

The Parties do not expect to add or dismiss any parties, claims, or defenses.

**6. Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure to reasonably and appropriately preserve evidence. The Parties will continue to take all reasonable steps to preserve any evidence related to the issues in this action. The Parties do not believe that this case raises significant e-discovery issues.

**7. Disclosures**

The Parties agree that initial disclosures are not necessary because this is a FOIA action.

**8. Discovery**

The Parties do not anticipate conducting discovery because this is a FOIA action. No discovery has been taken by either Plaintiff or Defendant.

**9. Class Actions**

This lawsuit is not a class action.

**10. Related Cases**

The Parties submit that there are no other cases between Plaintiff and Defendant.

///

///

### 11. Relief

Plaintiff seeks injunctive relief compelling Defendant to disclose the requested documents, and attorneys' fees and costs. Defendant seeks a complete defense judgment, dismissal, and costs.

### 12. Settlement and ADR

The Parties are amenable to a Settlement Conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have conferred about the ADR process and have filed the appropriate ADR certification.

### 13. Consent to Magistrate Judge for all Purposes

The Parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties have met and conferred multiple times to narrow the issues in dispute and will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

### 16. Expedited Trial Procedure

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

### 17. Scheduling

On April 6, 2022, the Parties filed an executed Stipulation Regarding Case Management and FOIA Record Production. *See* Dkt. No. 32. The Court granted the Parties' Stipulation on April 18, 2022. *See* Dkt. No. 33.

Under that Stipulation, Defendant is currently processing a minimum of 500 pages per month and releasing non-exempt responsive records to Plaintiff. *See* Dkt. No. 32 at 2. Defendant will continue on that processing and production schedule until it has processed the 6,209 potentially responsive pages identified in its search. *See id.*

Based on the Parties' Stipulation and the Court's Order granting that Stipulation, the Parties respectfully request that the Court set a further Case Management Conference approximately 90 days from October 17, 2022 while Defendant continues to process and produce responsive records. If available, the Parties respectfully request that the Court set a further Case Management Conference on January 16, 2023 at 1:30 p.m. in the afternoon. The Parties also respectfully request that no other deadlines be set at this time.

**18.   Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. If required, the Parties anticipate that this matter will be resolved on cross-motions for summary judgment.

**19.   Discovery of Non-party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. Plaintiff filed a Corporate Disclosure Statement, Dkt. No. 2, stating that it has no parent corporation or subsidiary with an interest in this litigation. Plaintiff is a non-profit corporation. Consequently, no other entity has any financial or other kind of interest that could be substantially affected by the outcome of this proceeding.

**20.   Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**21.   Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter**

There are no other matters that may justify the just, speedy, and inexpensive disposition of this matter.

                Respectfully submitted,

                STEPHANIE HINDS
                United States Attorney

DATED: September 27, 2022        */s/ Douglas Johns*
                DOUGLAS JOHNS
                Assistant United States Attorney
                Attorneys for Defendant

DATED: September 27, 2022     */s/ Daniel Snyder*
                              DANIEL SNYDER
                              Attorneys for Plaintiff

## ATTESTATION

In compliance with Civil L.R. 5-1(h)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: September 27, 2022     By:     */s/ Douglas Johns*
                                      DOUGLAS JOHNS

FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:21-CV-08058-SK

6

1 **[PROPOSED] ORDER**

2  The Parties' Further Joint Case Management Conference Statement is approved as the Case Management Order, and the Parties shall comply with its provisions. For good cause shown, the Case Management Conference set for October 17, 2022 at 1:30 p.m. is vacated, and the Case Management Conference is continued until January 16, 2023 at 1:30 p.m. in the afternoon.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____

HONORABLE SALLIE KIM
United States Magistrate Judge

FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:21-CV-08058-SK

7