1 | ISMAIL J. RAMSEY (CABN 154284)
United States Attorney

2

3 | MICHELLE LO (NYRN 4325163)
Chief, Civil Division

4 | DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

5

6 | 150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (415) 846-8947

7 | FAX: (408) 535-5081
Douglas.Johns@usdoj.gov

8

9 | Attorneys for Defendant
U.S. AGENCY FOR INTERNATIONAL AID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| US RIGHT TO KNOW, | ) No. 3:21-cv-08058-SK |
|---|---|
| Plaintiff, | ) **FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |
| v. | ) |
| U.S. AGENCY FOR INTERNATIONAL AID, | ) Date: September 25, 2023<br>) Time: 1:30 p.m. |
| Defendant. | ) Location: Videoconference Only |
| | ) Honorable Sallie Kim<br>) United States Magistrate Judge |

FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:21-CV-08058-SK

1

Plaintiff US Right to Know and Defendant United States Agency for International Aid respectfully submit this Further Joint Case Management Statement. Plaintiff and Defendant (collectively, "the Parties") jointly request that the Court adopt the proposed schedule set forth below and vacate or continue the Case Management Conference scheduled on September 25, 2023 at 1:30 p.m. in the afternoon to December 18, 2023 at 1:30 p.m. in the afternoon to allow (a) the Parties time to meet and confer about Defendant's redactions and withholdings that Plaintiff disputes following Defendant's production of the records responsive to Plaintiff's request made under the Freedom of Information Act; and (b) Defendant time to produce the necessary *Vaughn indexes* and records with modified redactions pursuant to those meet and confer discussions as set forth further below.

**1.     Jurisdiction and Service**

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction under 28 U.S.C. § 1331. All parties have been served. Defendant has appeared. There are no issues pertaining to personal jurisdiction, venue, or service.

**2.     Facts**

This action arises out of a FOIA request made by Plaintiff to Defendant on December 18, 2020. Generally speaking, Plaintiff seeks records and documents concerning Defendant's "grants to EcoHealth Alliance, Inc., involving research in China on bat-associated pathogens."

Defendant conducted a search for those records and documents. Defendant discovered potentially responsive records and documents. Defendant agreed to produce those records and documents subject to any applicable legal exemptions and based on discussions between the Parties.

Defendant initially identified 6,209 pages that are potentially responsive to Plaintiff's FOIA request. *See* Dkt. No. 32 at 2. Defendant processed and produced records to Plaintiff. Defendant made fourteen productions of records to Plaintiff and processed 7,965 potentially responsive pages.

Consistent with the Court's Order, ECF No. 33 at Para. 4(c), on May 11, 2023, Plaintiff sent Defendant its first list of the redactions and withholdings that it is challenging. On July 13, 2023, and after Defendant's final production, Plaintiff sent Defendant an additional list of redactions and withholdings that it is challenging.

The parties have conferred about the most efficient process of addressing USRTK's exemption challenges, and have agreed as follows:

By October 2, 2023, Defendant will produce a *Vaughn* index and potentially release documents with modified redactions for the fourth production. Then, by the first day of each subsequent month, Defendant will produce a *Vaughn* index for each additional challenged production along with potentially releasing documents with modified redactions. Defendant expects to complete this process by the end of the year.

**3.     Legal Issues**

At issue is whether Defendant must produce all records and documents that respond to Plaintiff's FOIA request not subject to any applicable exemption. The Parties are attempting to resolve Plaintiff's claims informally.

However, if the Parties cannot resolve Plaintiff's claims informally, the following issues may arise: (1) whether Defendant has responded adequately to Plaintiff's FOIA request; (2) whether Defendant improperly withheld materials based on claimed FOIA exemptions; and (3) whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs.

**4.     Motions**

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment. If the Parties must file cross-motions for summary judgment, they will agree on a briefing schedule for those motions and submit it to the Court for consideration and approval.

**5.     Amendment of Pleadings**

The Parties do not expect to add or dismiss any parties, claims, or defenses.

**6.     Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure to reasonably and appropriately preserve evidence. The Parties will continue to take all reasonable steps to preserve any evidence related to the issues in this action. The Parties do not believe that this case raises significant e-discovery issues.

**7.     Disclosures**

The Parties agree that initial disclosures are not necessary because this is a FOIA action.

**8.     Discovery**

The Parties do not anticipate conducting discovery because this is a FOIA action. No discovery has been taken by either Plaintiff or Defendant.

**9.     Class Actions**

This lawsuit is not a class action.

**10.    Related Cases**

The Parties submit that there are no other cases between Plaintiff and Defendant.

**11.    Relief**

Plaintiff seeks injunctive relief compelling Defendant to disclose the requested documents, and attorneys' fees and costs. Defendant seeks a complete defense judgment, dismissal, and costs.

**12.    Settlement and ADR**

The Parties are amenable to a Settlement Conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have conferred about the ADR process and have filed the appropriate ADR certification.

**13.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The Parties have met and conferred multiple times to narrow the issues in dispute and will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15.    Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**16.   Scheduling**

On April 6, 2022, the Parties filed an executed Stipulation Regarding Case Management and FOIA Record Production. *See* Dkt. No. 32. The Court granted the Parties' Stipulation on April 18, 2022. *See* Dkt. No. 33.

Under that Stipulation, Defendant processed a minimum of 500 pages per month and released non-exempt responsive records to Plaintiff. *See* Dkt. No. 32 at 2. Under that Stipulation, Plaintiff was required to send Defendant a list of records that Plaintiff believes have been improperly redacted or withheld. *See* Dkt. No. 32 at 3.

On May 11, 2023, Plaintiff sent Defendant its first list of the redactions and withholdings that it is challenging. On July 13, 2023, and after Defendant's final production, Plaintiff sent Defendant an additional list of redactions and withholdings that it is challenging.

The parties have conferred about the most efficient process of addressing USRTK's exemption challenges, and ask the Court to adopt this schedule:

By October 2, 2023, Defendant will produce a *Vaughn* index and potentially release documents with modified redactions for the fourth production. Then, by the first day of each subsequent month, Defendant will produce a *Vaughn* index for each additional challenged production along with potentially releasing documents with modified redactions. Defendant expects to complete this process by the end of the year.

For those reasons, and based on the Parties' Stipulation and the Court's Order granting that Stipulation, the Parties respectfully request that the Court set a further Case Management Conference approximately 90 days from September 25, 2023 while Plaintiff and Defendant confer about the challenged redactions and withholdings and Defendant starts producing *Vaughn* indexes pursuant to those meet and confer discussions. If available, the Parties respectfully request that the Court set a further Case Management Conference on December 18, 2023 at 1:30 p.m. in the afternoon. The Parties also respectfully request that no other deadlines be set at this time.

**17.  Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. If required, the Parties anticipate that this matter will be resolved on cross-motions for summary judgment.

**18.  Discovery of Non-party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. Plaintiff filed a Corporate Disclosure Statement, Dkt. No. 2, stating that it has no parent corporation or subsidiary with an interest in this litigation. Plaintiff is a non-profit corporation. Consequently, no other entity has any financial or other kind of interest that could be substantially affected by the outcome of this proceeding.

**19.  Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**20.  Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter**

There are no other matters that may justify the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

DATED: September 11, 2023

*/s/ Douglas Johns*
DOUGLAS JOHNS
Assistant United States Attorney
Attorneys for Defendant

DATED: September 11, 2023

*/s/ Daniel Snyder*
DANIEL SNYDER, *pro hac vice*
PUBLIC JUSTICE

*/s/ Lily Rivo*
LILY RIVO
GREENFIRE LAW, PC

Attorneys for Plaintiff

FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:21-CV-08058-SK

6

**ATTESTATION**

In compliance with Civil L.R. 5-1(h)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: September 11, 2023        By:    */s/ Douglas Johns*
                                        DOUGLAS JOHNS

**[PROPOSED] ORDER**

The Parties' Further Joint Case Management Conference Statement is approved as the Case Management Order, and the Parties shall comply with its provisions. Based on the information in the Further Joint Case Management Conference Statement, IT IS SO ORDERED:

1. Defendant must produce a *Vaughn* index and any records with modified redactions by October 2, 2023.

2. Defendant must produce any additional *Vaughn* index and any records with modified redactions every 30 days until Defendant completes that process.

3. There are no other changes to the Stipulation Regarding Case Management and FOIA Record Production as set forth in the Court's Order on April 18, 2022.

4. The Case Management Conference set for September 25, 2023 at 1:30 p.m. is vacated, and the Case Management Conference is continued until December 18, 2023 at 1:30 p.m. in the afternoon.

5. The Parties must file a Joint Case Management Statement by December 11, 2023.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____

HONORABLE SALLIE KIM
United States Magistrate Judge

FURTHER JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:21-CV-08058-SK

8